IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SIMPLY ESSENTIALS, LLC,<br><br>Debtor. | Involuntary Chapter 7 Bankruptcy<br>Case No. 20-00305<br><br>**OBJECTION TO CLAIM**<br>**(Proof of Claim #28)** |

COMES NOW Pitman Farms, a creditor and party in interest in this case, by and through its counsel, and hereby objects to Proof of Claim #28 filed by ARKK Food Company, Inc. ("ARKK"), as follows:

1.  On or about March 6, 2020, an Involuntary Bankruptcy Petition was filed against the Debtor Simply Essentials, LLC ("Debtor" or "Simply").

2.  ARKK apparently is a corporate entity formed pursuant to the laws of the State of Michigan, and had and has its corporate headquarters in Bloomfield Hills, Michigan.

3.  On or about July 10, 2020, ARKK filed a Verified Joinder (Dkt #26) to the Involuntary Petition. Appended to ARKK's Joinder was a Master Broker Agreement ("MBA") dated circa September 2017 between the Debtor Simply Essentials, LLC ("Simply Essentials" or "Debtor") and ARKK[1].

4.  Eventually, the Debtor consented to the entry of an Order for Relief from this Court, and this case is now proceeding under Chapter 7.

5.  On February 10, 2021, ARKK filed Proof of Claim #28.

---

[1] The MBA on p.1 referred to "ARKK Food Company, a Michigan corporation," *i.e.* the MBA did NOT recite the name "ARKK Food Company, ***Inc***." (Emphasis added). At p.6 of the MBA, the ARKK entity was referred to as "ARKK Food Company, a Michigan limited liability company." Pitman Farms does not waive and is not waiving any and all arguments, rights, remedies, theories etc. with respect to the difference or distinction, if any, between ARKK Food Company, a Michigan limited liability company vis-à-vis ARKK Food Company, Inc.

6. In ARKK's Verified Joinder as well as in ARKK's Proof of Claim #28, ARKK asserts the Debtor owed money to ARKK, in the apparent amount of approximately $7,500,000. The Proof of Claim includes an 11 U.S.C. §507(a)(4) priority claim in the amount of $13,650. The Proof of Claim was verified under oath by ARKK's chief executive officer Peter Andoni, and the Joinder was verified by Keith Jahnke, who purported to be a "partner" of ARKK.

7. By filing the Joinder to the Involuntary Petition, and by filing Proof of Claim #28, ARKK voluntarily submitted itself to the exercise of jurisdiction by this Court.

8. Pitman Farms filed Proof of Claim #2 on November 23, 2020 as well as Proof of Claim #3, also on November 23, 2020. As the holder of secured and unsecured claims, Pitman Farms is a party in interest with standing to object to ARKK's Proof of Claim.

9. Pursuant to 28 U.S.C. §§157 and 1334, this Court possesses subject matter jurisdiction to adjudicate Proofs of Claim, and indeed claim allowance is a core proceeding by operation of 28 U.S.C. §157(b)(2)(A), (B), and (O).

10. To the extent, if at all, somehow this Objection is not a core proceeding, Pitman Farms consents to the entry of final judgment and rendition of legal conclusions from this Court.

11. The ARKK Proof of Claim alleges the Debtor supposedly breached the MBA, and ARKK asserted commissions due it, for the period through and including *August 2020*.

12. As indicated, an Involuntary Petition was filed against the Debtor in *March 2020*. The Debtor ceased doing business circa August 2019. It is therefore inconceivable, in light of the August 2019 business cessation and the March 2020 filing of the Involuntary

Petition, that there would have been any sales that could have possibly generated commissions that might be due ARKK for the period through August 2020.

13. Additionally, 11 U.S.C. §507(a)(4)(B) allows a commission priority claim to a corporation only if the corporation had one employee. According to publicly available information (such as information displayed on a governmental web site showing Michigan business entities), ARKK listed at least four individuals who held titles as ARKK's President, Treasurer, Secretary, and Director, and ARKK had more than one employee. In addition, Pitman Farms in its business dealings with ARKK had been in contract with at least four individuals who purported to act on behalf of ARKK. Pitman Farms therefore reasonably believes and asserts at times material ARKK had more than one employee. As such, ARKK could not possibly qualify for priority claim treatment pursuant to 11 U.S.C. §507(a)(4)(B). Similarly, according to publicly available information on the web, ARKK purports to serve as agents or partners with several producers, and the burden is on ARKK to prove that at times material to its Proof of Claim that 75% of ARKK's earnings were derived from ARKK's work with the Debtor, as required by §507(a)(4)(B). In sum, ARKK bears the ultimate burden to prove it is entitled to §507(a)(4)(B) priority treatment, and ARKK's Proof of Claim did not contain sufficient information to support its assertion of priority treatment, and indeed Pitman Farms asserts ARKK is not entitled to any §507(a)(4)(B) priority. ARKK's priority claim should therefore be disallowed, until and unless ARKK has satisfied its proof burden.

14. The MBA also required the parties to resolve their dispute by arbitration. Before the filing of the March 2020 Involuntary Petition, the parties did participate in arbitration, conducted by American Arbitration Association, and indeed the parties were

engaging in discovery at the time of the filing of the Involuntary Petition. The imposition of the automatic stay upon the filing of the Involuntary Petition stopped the arbitration proceeding, and nothing substantive (e.g. discovery disputes or resolutions thereof) has occurred in the arbitration arena since the Involuntary Petition filing date in March 2020.

15. Pitman Farms further asserts even if commissions were due ARKK, the amount of commissions that may be due ARKK is substantially smaller than the $7,500,000 figure asserted in ARKK's Proof of Claim #28. This is so because, *inter alia*, in reality ARKK has been overpaid by the Debtor, *i.e.* the Debtor had previously paid ARKK substantial amounts of commission, and the payments made by the Debtor to ARKK were more than those that were required by and contracted for under the MBA. For example, the MBA was intended to pay commissions for the sales of Simply Essentials' branded products that ARKK was a reason or "procuring cause" for the customer or sales. This means commission would **not** be due if, for example, the product being sold was not a Simply Essentials branded product *viz*. products sold out of Pitman Farms' California and Utah facilities. Commissions likewise would **not** be due from sales of Mary's branded products, Sweetwater Creek (SWC) branded products, Norbest branded products (sold out of Utah), and private label sales. Additionally, notice of termination of the MBA was issued to ARKK circa April 2, 2019. At a minimum, ARKK was thusly required to mitigate, and no commission should have been due or paid thereafter. For these and other reasons, the Debtor and this Estate likely do not owe ARKK any money; instead ARKK likely owes money to the Debtor and to this Estate. Simply put, Pitman Farms asserts ARKK is a "net debtor" of the Simply Essentials, and ARKK is NOT a creditor of Simply Essentials.

WHEREFORE, Pitman Farms respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order granting the following relief:

A.   Directing ARKK to account for any and all commissions received by it;

B.   Determining and then disallowing, as may be appropriate under the MBA and applicable law, claims (priority or otherwise) asserted by ARKK in Proof of Claim #28, and directing and ordering ARKK to pay and compensate the Debtor and this estate for any overpayment received by ARKK, and entering Judgment accordingly; and

C.   Granting such further relief as may be just and equitable.

                */s/ E Lam*
Eric W. Lam, AT0004416
Eric J. Langston
Jackson Blais
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
ATTORNEYS FOR PITMAN FARMS

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 27th day of April, 2021, (a) the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case and (b) a copy of the instrument to which this certificate is attached was mailed via the United States mail with postage fully paid, to:

Peter C. Andoni
Chief Executive Officer
ARKK Food Company, Inc.
1750 South Telegraph, Suite 310
Bloomfield Hills, MI 48302

                */s/ Kelly Carmichael*

Pitman Farms,/Pldgs/BA 20-00305 Drafts/Obj to ARKK Claim.042721.1347.ewl