UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SIMPLY ESSENTIALS, LLC,<br><br>Debtor(s). | CHAPTER 7<br>CASE NO. 20-00305 |

_____

**ORDER APPROVING SALE
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND PROVIDING RELATED RELIEF**

Upon the Motion of Trustee Larry S. Eide in this Chapter 7 case for entry of an order pursuant to Section 363 of Title 11, United States Code (the "Bankruptcy Code") and Rule 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving (a) the proposed sale by the Trustee to _____ (together with its permitted assigns, the "Purchaser") of certain real estate (as described more fully in the Motion, the "Real Estate") and personal property (as described more fully in the Motion, the "Personal Property"), said Real Estate and Personal Property being collectively called the "Assets", and (b) the transactions ("Transactions") contemplated in the Motion; and the Trustee having provided adequate and timely notice to all creditors and parties in interest of the Motion, it appearing that the Purchaser submitted the highest and best offer to purchase the Assets; and a Sale Hearing having been held on _____, 2021; and based upon the record of the Sale Hearing and the facts set forth in the Motion as affirmed by the Trustee's Affidavit; and it appearing that due, good, sufficient and timely notice of the relief sought and granted in this order has been given; at which time all interested parties were offered an

[ 1 ]

opportunity to be heard with respect to the Motion; and the Court having had an opportunity to consider all responses and objections to the Motion; and it appearing that the relief requested in the Motion is in the best interests of this Estate, its creditors and other parties-in-interest; and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[1]

A.　**Findings of Fact and Conclusions of Law**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.　**Jurisdiction and Venue**. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.

C.　**Statutory Predicates.** The statutory predicates for the relief sought in the Motion are Bankruptcy Code §§ 105 and 363 and Bankruptcy Rules 2002 and 6004.

D.　**Notice.** As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion and of the Sale Hearing and the transactions contemplated by the Motion and this Order (the "Transactions"), has been

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed at findings of fact when appropriate. See Bankruptcy Rule 7052.

[ 2 ]

provided in accordance with Bankruptcy Code and Bankruptcy Rules; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Motion or the Sale Hearing or the Transactions, is or shall be required.

E. **Opportunity to Object.** Notice and a reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities entitled to notice and a hearing, including the following: (a) the U.S. Trustee; (b) all creditors of the Debtor, including all parties known to be asserting a lien, claim, or interest of any kind whatsoever relating to the Assets; (c) all entities known to have expressed an interest in acquiring the Assets; (d) the Iowa State and United States taxing authorities; (e) the Purchaser and its counsel; and (f) all other parties who have filed notices of appearance and demands for service of papers in this case under Bankruptcy Rule 2002 as of the date of filing the Motion. All objections to the sale of the Assets are overruled or resolved by this Order.

F. **Sale in Best Interests.** Good and sufficient reasons for approval of the Motion and the Transactions exist, and the relief requested in the Motion is in the best interests of the estate, its creditors and other parties in interest.

G. **Business Justification.** The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Transactions other than in the ordinary course of business under Bankruptcy Code §363(b) in that, among other things, the immediate consummation of

[ 3 ]

the Transactions with the Purchaser is necessary and appropriate to maximize the value of the estate. Entry of an order approving the Motion and containing all the provisions hereof is a necessary condition precedent to the Purchaser consummating the Transactions.

H.     **Arm's-Length Sale.** The sale of the Assets was negotiated, proposed and entered into by the Trustee and the Purchaser without collusion, in good faith, and from arms-length bargaining positions. The Purchaser is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code §101(31). The record is devoid of any evidence that the Debtor, the Trustee, or the Purchaser has engaged in any conduct that would cause or permit the sale of the Assets to be avoided under Bankruptcy Code §363(n). Specifically, the Purchaser has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

I.     **Good Faith Purchaser.** The Purchaser is a good faith purchaser of the Assets within the meaning of Bankruptcy Code §363(m) and is therefore entitled to all of the protections afforded thereby. The Purchaser has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia,* the sale of the assets was subject to competing bids, and all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Transactions have been sufficiently disclosed, and no evidence whatsoever of any lack of good faith on the part of the Purchaser has been offered or presented by any party in interest after notice and a hearing.

J.      **Highest and Best Offer.** With approval of the Court, the Trustee hired Heritage Global Partners, Inc., 12625 High Bluff Drive #305, San Diego, California 92130 and Harry Davis & Company, 1725 Boulevard of the Allies, Pittsburgh, Pennsylvania 15219 (hereinafter called "Heritage") as a broker/auctioneer to market and sell the Real Estate and Personal Property. After appropriate marketing of the Assets under the circumstances, Heritage procured the bid of $9,500,000.00 from Pure Prairie Farms, Inc. as described in the Trustee's Motion, which bid was accepted by the Trustee. Prior to the filing of the Trustee's Motion, the Trustee received another bid for the Assets from Wincorp International in the amount of $10,000,000.00 (an affiliate of Wincorp International, The Best Dressed Chicken, Inc., has filed an objection to the Motion and offered $10,000,000.00 for purchase of the Assets). The opportunity to submit bids was given to other interested parties to make a higher and better offer for the Assets. Subsequent to the telephonic hearing on the Trustee's Motion, the Trustee conducted an auction of the Assets among all bidders and the Purchase has submitted the highest and best offer for the Assets, which will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative. The Trustee's determination that the Purchaser's bid constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of the Trustee's business judgment.

K.      **Consideration.** The consideration to be paid by the Purchaser (the "Purchase Price") constitutes reasonably equivalent value or fair consideration (as those terms are defined in each of the Iowa Uniform Voidable Transactions Act, or any applicable Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act,

[ 5 ]

and/or Bankruptcy Code §548) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia. No other person or entity or group of entities, other than the Purchaser, has offered to purchase the Assets for an amount that would give significantly better and greater economic value to the estate. Approval of the Motion and the consummation of the Transactions contemplated thereby are in the best interests of the estate, its creditors, and all other parties in interest.

L.     **Free and Clear.** The Debtor is either the sole and lawful owner of the Assets or there is a bona fide dispute as to ownership. The transfer of the Assets to the Purchaser under the Motion and any conveyance documents executed by the Trustee to consummate and close the Transactions, including any Court Officer's Deed with respect to the Real Estate, Assignments and any Bills of Sale with respect to the Personal Property, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Motion, will be a legal, valid, and effective transfer of the Assets, and, except as otherwise provided herein, vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Assets free and clear of all liens, claims, encumbrances, obligations, liabilities, contractual commitments, or interests of any kind or nature whatsoever (collectively, the "Interests").

M.     For the avoidance of doubt, other than the costs of sale as described in Paragraph 19 of the Motion and the sum of 0.75% of the Purchase Price to be released to the Trustee pursuant to the Motion, all Interests shall attach to the proceeds

[ 6 ]

ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds. For the avoidance of doubt, any and all lien, interest, or rights asserted against the Assets will only attach to the amount attributable to the sale of the Assets.

N. The Purchaser will not consummate the Transactions unless the Bankruptcy Court specifically orders that none of the Purchaser or its affiliates, members or shareholders, or the Assets, will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, (i) any labor or employment agreements, (ii) all mortgages, deeds of trust, encumbrances, and security interests, (iii) any pension, welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of the Debtor, (iv) any other employee, workers' compensation, occupational disease, or unemployment or temporary disability related claim, (v) claims or liens arising under any environmental law, (vi) any bulk sales or similar law, (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code, as amended, and (viii) any theories of successor liability.

O. The Trustee may sell the Assets free and clear of any Interests of any kind or nature whatsoever because the standards set forth in Bankruptcy Code §§363(f) or 363(b) of the Bankruptcy Code have been satisfied. Each entity with an Interest in the Assets to be transferred on the Closing Date: (i) has, subject to the terms and

conditions of this Order, consented to the Transactions or is deemed to have consented to the Transactions, or (ii) otherwise falls within the provisions of Bankruptcy Code §363(f)(4). Those holders of Interests who did not object to the Motion are deemed, subject to the terms of this Order, to have consented pursuant to Bankruptcy Code §363(f)(2). All holders of Interests are adequately protected by having their Interests attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds.

P.   **Not a Successor.** The Purchaser (a) is not a successor to the Debtor, (b) has not, de facto or otherwise, merged with or into the Debtor, (c) is not a continuation or substantial continuation of the Debtor or any enterprise of the Debtor, and (d) is not holding itself out to the public as a continuation of the Debtor. The transfer of the Assets to the Purchaser does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business before the Closing Date, or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

Q.   **Prompt Consummation.** The Transactions must be approved and consummated promptly in order to preserve the Assets, to maximize the value of the

Debtor's estate and to minimize the claims against the estate. Time is of the essence in consummating the Transactions.

NOW, THEREFORE, IT IS ORDERED THAT:

1. **Motion is Granted.** The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2. **Objections Overruled.** Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. **Approval.** The Motion and all of the terms and conditions thereto are hereby approved. The Trustee and the Purchaser and their respective officers and directors are hereby authorized and directed to: (a) execute the Court Officer Deed, Assignments, and Bills of Sale, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Motion, provided that such additional documents do not materially change its terms; (b) consummate the Transactions in accordance with the terms and conditions of the Motion; and (c) take all other and further actions as may be reasonably necessary to implement the Transactions as contemplated by the Motion and this Order.

4. **Free and Clear.** Except as otherwise specifically provided for in the Motion or this Order, pursuant to Bankruptcy Code §§105(a) and 363, the Trustee is authorized and directed to transfer the Assets to the Purchaser and, as of the Closing Date, the Purchaser shall take title to and possession of the Assets free and clear of all

Interests of any kind or nature whatsoever, including but not limited to any existing claims based liens or encumbrances, with all such Interests to attach to the proceeds ultimately attributable to the Assets against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds.

5.    **Valid Transfer.** As of the Closing Date and except as otherwise provided herein, the Transactions effect a legal, valid, and enforceable sale and transfer of the Assets to the Purchaser, and shall vest the Purchaser with title to such Assets free and clear of all Interests of any kind or nature whatsoever, with all such Interests to attach to the proceeds ultimately attributable to the property against or in which such Interests are asserted, subject to the terms of such Interests, with the same validity, force and effect, and in the same order of priority, which such Interests now have against the Assets or their proceeds, and none of the Purchaser or its affiliates, members or shareholders or the Assets will have any liability whatsoever with respect to, or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any (i) any labor or employment agreements, (ii) all mortgages, deeds of trust, encumbrances, and security interests, (iii) any pension, welfare, compensation, or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of the Debtor, (iv) any other employee, workers' compensation, occupational disease, or unemployment or temporary disability related claim, (v) claims or liens arising under any

environmental law, (vi) any bulk sales or similar law, (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code, as amended, and (viii) any theories of successor liability.

6. **General Assignment.** On the Closing Date, this Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's and the Estate's interests in the Assets. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transactions contemplated by the Motion.

7. **No Successor Liability.** Neither the Purchaser nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Assets, to (a) be a successor to the Debtor or its estate; (b) have, de facto or otherwise, merged or consolidated with or into the Debtor or its estate; or (c) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The transfer of the Assets to the Purchaser under the Motion shall not result in the Purchaser, its affiliates, members, or shareholders, or the Assets, (i) having any liability or responsibility for any claim against the Debtor, (ii) having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any encumbrance, or (iii) having any liability or responsibility to the Estate, except as is expressly set forth in the Motion, including, but not limited to, liabilities on account of any taxes or other government fees, contributions or surcharges arising, accruing or payable under, out of,

in connection with, or in any way relating to the operation of the Assets prior to the Closing Date, or (iv) having any liability or responsibility of the Debtor arising under or related to any of the Assets, including, but not limited to, any claims against the Debtor, or any of its predecessors or affiliates, of any kind or character arising originally against the Debtor, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, environmental liabilities, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Assets prior to the Closing.

8.    **Binding Effect of Order.** This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the Interests of record.

9. **Binding on Successors.** The terms and provisions of the Motion and this Order shall be binding in all respects upon the Debtor, its estate, all creditors of (whether known or unknown) and holders of equity interests in the Debtor, the Purchaser and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, and all persons asserting Interests in the Assets. This Order and the Motion shall inure to the benefit of the Purchaser and its respective successors and assigns.

10. **Bankruptcy Code §363(n).** The consideration provided by the Purchaser for the Assets is fair and reasonable. Based on the disclosures made to the Court in the Motion and at the Sale Hearing, the Trustee is not aware of any facts that would support an argument for avoidance of the Transactions.

11. **Good Faith.** The Transactions contemplated by the Motion are undertaken by the Purchaser without collusion and in good faith, as that term is used in Bankruptcy Code §363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transactions shall not affect the validity of the Transactions with the Purchaser, unless such authorization is duly stayed with an appropriate bond posted pending such appeal. The Purchaser is a good faith purchaser of the Assets, and is entitled to all of the benefits and protections afforded by Bankruptcy Code §363(m).

12. **Fair Consideration.** The consideration provided by the Purchaser to the Debtor pursuant to the Motion for its purchase of the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

13. **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. §157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Motion, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Assets to the Purchaser; (b) compel delivery of the Purchase Price to the Trustee or performance of other obligations owed to the Trustee; (c) interpret, implement and enforce the provisions of this Order and the Motion; (d) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transactions; and (e) protect the Purchaser against any Interests in the Debtor or the Assets of any kind or nature whatsoever attaching to the proceeds of the Transactions. This Court shall retain exclusive jurisdiction with respect to issues or disputes in connection with this Order and the relief provided herein, including without limitation to protect the Trustee and Purchaser from interference with the Sale, and to resolve any disputes related to the Sale, the Motion, or the implementation thereof.

14. **Surrender of Possession.** All entities that are presently, or on the Closing Date may be, in possession of some or all of the Assets in which the Debtor holds an interest hereby are directed to surrender possession of the Assets either to (a) the Trustee before the Closing Date or (b) to the Purchaser on the Closing Date.

15. **Sale Proceeds.** Other than the costs of sale as described in Paragraph 19 of the Motion and the sum of 0.75% of the Purchase Price to be released to the Trustee free and clear, any and all valid and perfected Interests in Assets of the Debtor shall

attach to any proceeds of such Assets immediately upon receipt of such proceeds by the Trustee in the order of priority, and with the same validity, force and effect that they now have against the Assets, as provided in Paragraph L *supra.* Except as required by this Order and the Motion, no proceeds subject to an asserted Interest shall be used or disbursed by the Trustee without the express consent of the party or parties asserting an Interest therein or further order of the Court after notice (to all parties who have asserted an Interest in such proceeds) and a hearing, consistent with the requirements of the Bankruptcy Code.

16. **Non-material Modifications.** The terms of the Motion and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the estate.

17. **Failure to Specify Provisions.** The failure specifically to include any particular provisions of the Motion in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Motion be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Motion (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are non-severable and mutually dependent.

18. **No Stay of Order**. This Order is a final order within the meaning of 28 U.S.C §158(a). Pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed and shall be and is immediately effective. Time is of the essence in closing the Transactions referenced herein, and the Debtor and the Purchaser intend to close the Transactions as soon as practicable. Any party objecting to the Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot. If any further stay is desired, any requests for a stay and any controversy over the extent of a bond that is necessary to protect the estate from delay in the sale shall be made to the appropriate tribunal.

DATED AND ENTERED

_____
Thad J. Collins, Bankruptcy Judge

Order prepared by:
Larry S. Eide, Chapter 7 Trustee