UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SIMPLY ESSENTIALS, LLC,<br><br>Debtor(s). | CHAPTER 7<br>CASE NO. 20-00305 |

**ORDER APPROVING BID PROCEDURES**

Upon the Motion of Trustee Larry S. Eide in this Chapter 7 case for entry of an order approving bid procedures. The Court FINDS that due, good, sufficient and timely notice of the relief sought and granted in this order has been given, and that all interested parties were offered an opportunity to be heard with respect to the Motion. The Court having had an opportunity to consider all responses and objections to the Motion, and it appearing that the relief requested in the Motion is in the best interests of this Estate, its creditors and other parties-in-interest. After due deliberation and good cause appearing therefor:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.   **Findings of Fact and Conclusions of Law**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

A.   **Jurisdiction and Venue**. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409.

B.    **Statutory Predicates.** The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004.

C.    **Notice.** As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the hearing: (i) due, proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code and Bankruptcy Rules; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Motion or the hearing, is or shall be required.

D.    **Opportunity to Object.** Notice and a reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities entitled to notice and a hearing, including the following: (a) the U.S. Trustee; (b) all creditors of the Debtor, including all parties known to be asserting a lien, claim, or interest of any kind whatsoever relating to the Assets; (c) all entities known to have expressed an interest in acquiring the Assets; (d) the Iowa State and United States taxing authorities; (e) the Purchaser and its counsel; and (f) all other parties who have filed notices of appearance and demands for service of papers in this case under Bankruptcy Rule 2002 as of the date of filing the Motion. All objections to the bid procedures proposed in the Motion are overruled or resolved by this Order.

E.    **Approval of Bid Procedures in Best Interests.** The Trustee's Motion seeks approval of a bid for the purchase of assets of the Debtor, and the approval of bid

procedures in the event of that objection to the Accepted Bid is received on the grounds that the objector intends to place a higher bid. The Court finds that an objection has been filed and at least one objector has stated an intention to make a higher bid for the Assets. The Court finds that the Trustee should entertain and accept higher bids and therefore, the approval of bid procedures as requested in the Motion is in the best interests of the estate, its creditors and other parties in interest.

F.    **Prompt Consummation.** The sale must be approved and consummated promptly in order to preserve the Assets, to maximize the value of the Debtor's estate and to minimize the claims against the estate. Time if of the essence in consummating the sale.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    **Motion is Granted.** The Motion to Approve Bid Procedures is GRANTED and APPROVED, as set forth herein.

2.    **Objections Overruled.** Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3.    **Approval.** The bid procedures set forth in Paragraph 26 of the Motion are hereby approved.

4.    **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. §157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Motion, all amendments thereto and any waivers and consents thereunder and each of the

agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a) interpret, implement and enforce the provisions of this Order, and the Motion; and (b) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the bid process. This Court shall retain exclusive jurisdiction with respect to issues or disputes in connection with this Order and the relief provided herein, and to resolve any disputes related to the sale, the Motion, or the implementation thereof.

5. **Bid Process to Proceed**. The Trustee is authorized and directed to proceed with the additional bidding process as provided in the approved bidding procedures and when such process is completed to report the results thereof to the Court.

DATED AND ENTERED

_____
Thad J. Collins, Bankruptcy Judge

Order prepared by:
Larry S. Eide, Chapter 7 Trustee