UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SIMPLY ESSENTIALS, LLC,<br><br>Debtor(s). | CHAPTER 7<br>CASE NO. 20-00305 |

**TRUSTEE'S MOTION TO APPROVE BID;
SUPPLEMENT TO
TRUSTEE'S MOTION TO SELL AND FOR OTHER RELIEF
11 U.S.C. §§363(b) AND (f));**

COMES NOW Chapter 7 Trustee Larry S. Eide and moves the Court for an order granting this Motion, and in support thereof respectively states:

1.  On June 22, 2021, the Trustee filed a Motion to Sell and For Other Relief 11 U.S.C. §§363(b) and (f); Motion to Approve Bid Procedures (hereinafter called the "Motion to Sell") whereby the Trustee sought approval of this Court to sell the Assets (as defined in the Motion to Sell) pursuant to a written bid in the amount of $9,500,000.00 received from Pure Prairie Farms, Inc. (hereinafter called "Pure Prairie"), or in the event of a timely filed objection, the approval of bidding procedures.

2.  This document is a supplement to the Motion to Sell and a request to approve a bid in the amount of $9,500,000.00 received by the Trustee from International Poultry Breeders, L.L.C., d/b/a The Best Dressed Chicken at the auction held on August 11, 2021, all as provided in the Order Approving Bid Procedures.

3.  After notice of the Motion to Sell was provided to creditors and parties in interest, several objections to the Motion were filed, including an Objection filed by Wincorp International, Inc. (hereinafter called "Wincorp"), on behalf of its affiliate The Best Dressed Chicken (Doc No. 124).

4.	On July 14, 2021, Wincorp filed a Supplement to Objection to Trustee's Motion to Sell (Doc. No. 131) and designated International Poultry Breeders, L.L.C., d/b/a The Best Dressed Chicken (hereinafter called "IPB") as its affiliate for the purposes of its Objection and as the proposed purchaser of the Assets.

5.	Paragraph 27(c) of the Trustee's Motion to Sell filed on June 22, 2021, provides:

> All parties desirous of participating in the additional bid process, including Pure Prairie Farms, Inc., must provide the Trustee and Heritage with evidence of an ability and the financial wherewithal, as determined solely by the Trustee, to consummate the sale transaction <u>no later than 5:00 p.m. CDT on the fourth business day after</u> the conclusion of the telephonic hearing on this Motion at which the bid procedures are approved;

6.	On July 16, 2021, a hearing was held on the Motion to Sell and thereafter on July 22, 2021, the Court entered an Order Approving Bid Procedures (Doc. No. 142) which set forth specific actions and specific dates that such actions must be completed by all parties in order to participate in an auction of the Assets, including the making of an opening bid.

7.	The provisions of Paragraph 27(c) of the Trustee's Motion to Sell were included in the Order Approving Bid Procedures.

8.	On August 3, 2021, the Trustee timely received a $500,000.00 cash deposit on behalf of IPB.

9.	The deadline for all parties, including Pure Prairie, to provide the Trustee with evidence of an ability and the financial wherewithal to consummate the sale transaction was August 9, 2021.

10. On August 9, 2021, the Trustee timely received confirmation of IPB's financial wherewithal to consummate the sale transaction.

11. At 3:07 PM on August 9, 2021, the Trustee received an email from the attorney for Pure Prairie stating, *inter alia*:

> that in light of the overbid of The Best Dressed Chicken, Pure Prairie will not be participating in further bidding. I believe that holding an auction is no longer necessary under those circumstances, and I wish you well in closing the sale with Best Dressed.

12. After receipt of the email described in Paragraph 11, the Trustee's brokers had numerous conversations with the representatives of Pure Prairie and attempted to contact Pure Prairie additional times without success, with the communications and attempted communications continuing all the way up until shortly before the commencement of the telephone auction.

13. Pure Prairie did not request to participate in the auction and did not participate in the auction.

14. The Objection filed by Wincorp (Doc. No. 124) on behalf of The Best Dressed Chicken (now IPB as described in the Supplement filed July 14, 2021 (Doc. No. 131)) to the Trustee's Motion to Sell states:

> In the event that Pure Prairie Farms, Inc. (PPFI) satisfies the Trustee that it has the ability and the financial wherewithal to consummate the sale transaction as required by Section 27(c) of the Motion, then Wincorp offers $10,000,000.00 for the purchase of the Assets. In the event that PPFI is unable to satisfy the requirements of Section 27(c) of the Motion, or for any other reason is unwilling or unable to purchase the Assets pursuant to the terms and conditions of the Motion, then Wincorp offers $9,500,000.00 for purchase of the Assets.

15. At the commencement of the auction the Trustee and the broker explained to those participating in the auction the events that had occurred during the pre-auction process, including the communication received from Pure Prairie.

16. At the conclusion of the explanation, the attorney for IPB asked the Trustee whether he considered Pure Prairie to be a qualified bidder under the terms of the Order Approving Bid Procedures, and the Trustee stated that he did NOT consider Pure Prairie to be a qualified bidder on the account of its failure to provide any evidence of its financial wherewithal to consummate the sale transaction which was required by the Order Approving Bid Procedures.

17. The Trustee's broker then sought a bid of $9,700,000.00.

18. The attorney for IPB stated that a bid of only $9,500,000.00 was required because Pure Prairie had not, by August 9, 2021, provided the Trustee with any evidence of an ability and the financial wherewithal to consummate the purchase of the Assets, that Pure Prairie had not timely satisfied the requirements of the Order Approving Bid Procedures, and thus, as confirmed by the Trustee, Pure Prairie was not a qualified bidder.

19. The attorney for IPB further stated that consistent with its Objection, that IPB submits a bid in the amount of $9,500,000.00 for the Assets.

20. Following discussion and the further solicitation of a higher bid, with none being received, the Trustee accepted the bid of $9,500,000.00 from IPB subject to Court approval.

21. No objection or opposition was voiced by any party who attended or was represented at the auction.

Case 20-00305    Doc 149    Filed 08/13/21    Entered 08/13/21 13:43:32    Desc Main
Document    Page 5 of 8

22. The Trustee now seeks approval of the $9,500,000.00 bid of IPB and the approval of the sale of the Assets to IPB for the sum of $9,500,000.00.

23. The order approving this Motion and the Trustee's Motion to Sell should provide that any and all liens, claims, titles, encumbrances, interests, and rights asserted by Farmer Mac and Pitman Farms, and any other lienholders, will attach to the gross proceeds from the court-approved sale, in whatever order of priority that existed as of the commencement of this case, EXCEPT that Farmer Mac and Pitman Farms have agreed that:

   a. any Real Estate Transfer Tax due pursuant to Iowa Code Chapter 428A shall be released and paid from the gross sales proceeds,

   b. all real estate taxes due at the time of conveyance of the Real Estate by the Trustee to the purchaser, together with real estate taxes prorated to the date of said conveyance shall be released and paid from the gross sales proceeds,

   c. the compensation due to Heritage shall be released and paid from the gross sales proceeds. The application to employ Heritage provides the following for compensation:

   For a turnkey sale, Brokers shall receive a commission of five percent (5%) of the gross sales price of the Property, provided that the commission shall be reduced to three percent (3%) in the event that the Minnesota Growers Group or Pittman (sic) Family Farms is the successful purchaser. In addition, Brokers shall advance all expenses necessary to prepare, market and conduct the turnkey sale process, and shall be entitled to $25,000.00 for expense reimbursement (the Turnkey Allowance). In the event that a turnkey sale does not occurs, the Property will be sold by auction.

   The proposed purchaser is NOT the Minnesota Growers Group.

   d. a sum equal to 0.75% of the gross proceeds shall be released from the gross proceeds, and such sum shall be free and clear of any and all claims, liens, titles, interests, and rights, and the Trustee and the estate may use such sum for any and all purposes, pursuant to the provisions of Title 11, including but not limited to the payment of administrative claims and expenses and, if

available, to the payment of various non-administrative claims (such as general unsecured claims).

24. The order approving this Motion and the Trustee's Motion to Sell should also contain all of the other terms and conditions requested in the Trustee's Motion to Sell.

25. The Trustee avers and submits that the sale to IPB proposed is this Motion is in the best interest of the estate, the creditors and the community. This is so because a sale will generate much-needed cash to enable the Trustee to administer this case, and will hopefully enable IPB to use the Assets in the operation of a business for the good and benefit of IPB, and to the betterment of the community and the public interest.

26. The Trustee further avers and submits that the withdrawal of Pure Prairie from the bidding process appears to the Trustee to have been done knowingly by Pure Prairie with the assistance and advice from counsel.

27. The Trustee further avers and submits that the auction was conducted in good faith, and that the bid of IPB was received in good faith, all with assistance and advice from counsel and the Trustee's brokers.

28. The Trustee further requests that the Court authorize the Trustee to return the cash deposit in the sum of $500,000.00 received on behalf of Pure Prairie.

29. The Trustee requests that the Court schedule a hearing to approve this Motion and the Motion to Sell.

30. The Trustee requests that the order approving this Motion and the Motion to Sell provide that the 14-day stay period in F.R.B.P. 6004(h) is inapplicable. Such a provision will enable an expeditious closing, and will minimize administrative claim (such as utility bills, real estate taxes, etc.) that will be incurred and inflicted against the estate.

WHEREFORE, the Trustee respectfully prays this Court, on such notice and hearing as is required, to enter and enroll an order granting the relief requested by the Trustee in this Motion and the Motion to Sell as modified by the Supplement, and for such other relief as may be just and property under the premises.

DATED:  August 13, 2021

    /s/ Larry S. Eide
Larry S. Eide, Trustee (AT0002317)
PO Box 1588
Mason City, Iowa  50402-1588
Telephone: 641.423.4264
Facsimile: 641.423.3145
Email: eide@pappajohnlaw.com

## CERTIFICATION OF SERVICE

The undersigned, Larry S. Eide, certifies that on August 13, 2021, he served a copy of the foregoing document on the United States Trustee, Debtor(s), attorney for Debtor(s) and other parties having requested notice pursuant to Rule 2002 electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing, and by ordinary United States mail, postage prepaid, addressed as follows on all other parties:

Terry L. Gibson
Wandro & Associates, P.C.
2501 Grand Avenue, Suite B
Des Moines, IA 50312

Riley C. Walter
Wanger Jones Helsley PC
265 E. River Park Circle, Suite 310
Fresno, CA 93720

Joseph A. Peiffer
Ag & Business Legal Strategies
1350 Boyson Road, Suite B
PO Box 11425
Hiawatha, IA 52233-2211

Michael P. Mallaney
Shindler, Anderson, Goplerud & Weese, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749

Thomas L. Flynn
Brick Gentry, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266

Todd J. Ohlms
Proskauer Rose LLP
70 West Madison, Suite 3800
Chicago, IL 60602-4342

Kristina M. Stanger
Nyemaster, Goode, P.C.

700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899

Daniel Desatnik
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299

Eric W. Lam
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401-1266

Jackson C. Blais
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401-1266

Abram Carls
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401-1266

Brandon R. Tomjack
Baird Holm LLP
1700 Farnam St, Ste 1500
Omaha, NE 68102-2068

Steven C. Turner
Baird Holm LLP
1700 Farnam Street, Ste 1500
Omaha, NE 68102

James L. Snyder
Acting United States Trustee
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA  52401-2101

      /s/ Larry S. Eide
      Larry S. Eide (AT0002317)