IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SIMPLY ESSENTIALS, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 20-00305<br><br>**[PROPOSED] ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING AND APPROVING (A) COMPROMISE AND SETTLEMENT WITH ARKK FOOD COMPANY, AND (B) SALE OF CERTAIN ESTATE CAUSES OF ACTION FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES** |

Before the Court is the *Trustee's Motion for an Order Authorizing and Approving (A) Compromise and Settlement with ARKK Food Company, and (B) Sale of Certain Estate Causes of Action Free and Clear of Liens, Claims and Encumbrances* ("Motion")[1] pursuant to sections 105(a), 502(b), and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9008, 9014 and 9019(a) of the Federal Rules of Bankruptcy Procedure. Having reviewed the Motion, the Agreement, the Declaration and exhibits submitted therewith, and based upon the record of the hearing having been held on _____, 2021 and the facts set forth in the Motion, and it appearing that due, good, and sufficient and timely notice of the relief sought and granted in this Order has been given, at which time all interested parties were offered an opportunity to be heard with respect to the Motion, and the Court having had the opportunity to consider all responses and objections to the Motion, and it appearing that the relief requested in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Agreement, attached hereto as Schedule 1.

the Motion is in the best interests of the Estate, its creditors, and other parties-in-interest, and after due deliberation and good cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS[2]

A. **Findings of Fact and Conclusions of Law**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. **Jurisdiction and Venue**. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C. **Statutory Predicates**. The statutory predicates for relief sought in the Motion are Bankruptcy Code §§ 105, 502(b), and 363 and Bankruptcy Rules 2002, 6004, 9008, 9014 and 9019(a).

D. **Notice**. As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion and of the Hearing and the Settlements and transactions contemplated by the Motion and this Order (the "Transactions"), has been provided in accordance with Bankruptcy Code and Bankruptcy Rules; (ii) it appearing that no other or further notice need be provided; (iii)

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed at findings of fact when appropriate. *See* Bankruptcy Rule 7052.

such notice was and is good, sufficient and appropriate under the circumstances; and (iv) no other or further notice of the Motion or the Hearing or the Transactions, is or shall be required.

   E. **Opportunity to Object.** Notice and a reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities entitled to notice and a hearing, including the following: (a) the U.S. Trustee; (b) all creditors of the Debtor, (c) the Iowa State and United States taxing authorities; (d) ARKK and its counsel; and (e) all other parties who have filed notices of appearance and demands for service of papers in this case under Bankruptcy Rule 2002 as of the date of filing the Motion.  All objections to the Motion sale of the Pitman Causes of Action and Proceeds thereof are overruled or resolved by this Order.

   F. **Settlement is Reasonable**.  The Court finds that the proposed Settlements present complex issues of law and fact, that the expense, inconvenience, and delay necessarily attending resolution of the disputes presented in Claim 28 as described in the Motion, and, accordingly, the proposed resolution set forth in the Motion is fair and equitable and in the best interest of the estate.

   G. **Sale in Best Interests**. Good and sufficient reasons for approval of the Motion and the Transactions exist, and the relief requested in the Motion is in the best interests of the estate, its creditors and other parties in interest.

   H. **Business Justification**. The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the Transactions other than in the ordinary course of business under Bankruptcy Code §363(b) in that, among other things, the immediate consummation of the Transactions with ARKK are necessary and appropriate to maximize the value of the estate. Entry of an order approving the Motion and

containing all the provisions hereof is a necessary condition precedent to the ARKK consummating the Transactions.

  I. **Arm's-Length Sale**. The sale of the Pitman Causes of Action and Proceeds thereof was negotiated, proposed and entered into by the Trustee and ARKK without collusion, in good faith, and from arms-length bargaining positions. ARKK is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code §101(31). The record is devoid of any evidence that the Debtor, the Trustee, or ARKK has engaged in any conduct that would cause or permit the sale of the Pitman Causes of Action and Proceeds thereof to be avoided under Bankruptcy Code §363(n). Specifically, ARKK has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

  J. **Good Faith Purchaser**. ARKK is a good faith purchaser of the Pitman Causes of Action and Proceeds thereof within the meaning of Bankruptcy Code §363(m) and is therefore entitled to all of the protections afforded thereby. ARKK has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*, all consideration to be provided by ARKK and other agreements or arrangements entered into by the ARKK in connection with the Transactions has been sufficiently disclosed, and no evidence whatsoever of any lack of good faith on the part of ARKK has been offered or presented by any party in interest after notice and a hearing.

  K. **Business Judgment**. The Trustee has exercised sound business judgment in concluding that the consideration and affirmative obligations provided by ARKK under the Agreement in exchange for the Pitman Causes of Action and Proceeds thereof maximizes the value of those assets to the Estate and provides a greater recovery for the estate than would be provided by any other available alternative.

L.     **Consideration**.  The consideration to be provided by ARKK constitutes reasonably equivalent value or fair consideration (as those terms are defined in each of the Iowa Uniform Voidable Transactions Act, or any applicable Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and/or Bankruptcy Code §548) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.  No other person or entity or group of entities, other than ARKK, has offered to purchase the Pitman Causes of Action and Proceeds thereof for an amount that would give significantly better and greater economic value to the estate. Approval of the Motion and the consummation of the Settlements and Transactions contemplated thereby are in the best interests of the estate, its creditors, and all other parties in interest.

M.     **Free and Clear**. The Debtor is the sole and lawful owner of the Pitman Causes of Action and Proceeds thereof and there is no bona fide dispute as to ownership. The transfer of the Pitman Causes of Action and Proceeds thereof to ARKK under the Motion and any conveyance documents executed by the Trustee to consummate and close the Transactions, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Motion, will be a legal, valid, and effective transfer of the Pitman Causes of Action and Proceeds thereof, and, except as otherwise provided in the Agreement, vests or will vest ARKK with all right, title, and interest of the Debtor to the Pitman Causes of Action and Proceeds thereof, and assigns ARKK the Trustee's powers in connection therewith as specified in the Agreement, free and clear of all liens, claims, encumbrances, obligations, liabilities, contractual commitments, or interests of any kind or nature whatsoever (collectively, the "Interests").

N.   For the avoidance of doubt, except as otherwise provided in the Agreement, the Proceeds of the Pitman Causes of Action shall be subject to ARKK's contractual commitment to provide the Estate with the Estate Proceeds.

O.   **Not a Successor**. ARKK (a) is not a successor to the Debtor, (b) has not, *de facto* or otherwise, merged with or into the Debtor, (c) is not a continuation or substantial continuation of the Debtor or any enterprise of the Debtor, and (d) is not holding itself out to the public as a continuation of the Debtor. The transfer of the Pitman Causes of Action and Proceeds thereof to the Purchaser does not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business before the Closing Date, or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

P.   **Prompt Consummation**.  The Transactions must be approved and consummated promptly in order to preserve the Pitman Causes of Action, to maximize the value of the Debtor's estate and to minimize the claims against the estate.  Time is of the essence in consummating the Transactions.

NOW, THEREFOR, IT IS HEREBY ORDERED THAT:

1.   **Motion is Granted**.  The Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2.   **Objections Overruled**.  Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or

not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the merits with prejudice.

3. **Agreement Approval**. The Agreement, in the form attached hereto as **Schedule 1**, is APPROVED in its entirety. The failure to specifically describe or include in this Order any particular provision of the Agreement shall not diminish or impair the effectiveness of any such provision.

4. **Authority to Perform**. The Trustee is authorized and directed to (i) execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers provided for by the Agreement, (ii) provide all consideration to ARKK provided under the Agreement, and (iii) take any and all actions reasonable, necessary, or appropriate to consummate, complete, execute, comply with, or implement the Agreement, in each case in accordance with the terms and conditions thereof. Any actions taken pursuant to the Agreement are hereby ratified.

5. **Amendments**. The Parties are authorized to enter into amendments to the Agreement from time to time, subject to the terms and conditions set forth in the Agreement and without the need for (i) further notice and hearing or (ii) any order of this Court; provided, that any material amendments be filed on a notice of presentment with the Court and shall be approved if no objections are filed within the applicable period. Upon any such amendment, all references in this Order to the Agreement shall be deemed to be references to the Agreement as amended.

6. **Settlement of Claims and Rights**. Subject to the terms of the Agreement, this Order and the Agreement constitute a settlement as to (i) ARKK's Claim and any objections filed thereto and (ii) ARKK's right to receive any payments or distributions from the Estate.

7. **Property of the Estate**. The Pitman Causes of Action and Proceeds thereof are "property of the estate" for purposes of Bankruptcy Code section 541 and may be sold by the trustee pursuant to Bankruptcy Code section 363.

8. **Sale Approval.** The Motion and all of the terms and conditions thereto are hereby approved. The Trustee and ARKK and their respective officers and directors are hereby authorized and directed to: (a) execute all documents that may be reasonably necessary or appropriate to implement the Motion, provided that such additional documents do not materially change its terms; (b) consummate the Transactions in accordance with the terms and conditions of the Motion; and (c) take all other and further actions as may be reasonably necessary to implement the Transactions as contemplated by the Motion and this Order.

9. **Free and Clear**. Except as otherwise specifically provided for in the Motion or this Order, pursuant to Bankruptcy Code §§ 105(a) and 363, the Trustee is authorized and directed to transfer, and shall be deemed to have transferred, the Pitman Causes of Action and Proceeds thereof to ARKK and, subject to the Agreement, ARKK shall take title to and possession of the Pitman Causes of Action and Proceeds thereof free and clear of all Interests of any kind or nature whatsoever, including but not limited to any existing claims based liens or encumbrances.

10. **Valid and Binding Obligations**. This Order and the Agreement constitute and evidence the valid and binding obligations of the Parties thereto. This Order shall be binding upon all parties-in-interest, including, without limitation, any person or entity acting or seeking to act on behalf of any of the Parties, in all circumstances and for all purposes. Notwithstanding anything in this Order or the Agreement, the Agreement shall be solely for the benefit of the Parties thereto and no other person or entity shall be a third-party beneficiary thereof.

11. **Valid Transfer**. As of the date of this Order and except as otherwise provided in the Agreement, the Transactions effect a legal, valid, and enforceable sale and transfer of the Pitman Causes of Action and Proceeds thereof to ARKK, and shall vest ARKK with title to such assets free and clear of all Interests of any kind or nature whatsoever.

12. **General Assignment**. This Order shall be construed as and shall constitute for any and all purposes a full and complete general assignment, sale, conveyance and transfer of the Debtor's and the Estate's interests in the Pitman Causes of Action and Proceeds thereof. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transactions contemplated by the Motion.

13. **No Successor Liability**. Neither ARKK nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Pitman Causes of Action and Proceeds thereof, to (a) be a successor to the Debtor or its estate; (b) have, *de facto* or otherwise, merged or consolidated with or into the Debtor or its estate; or (c) be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor. The transfer of the Pitman Causes of Action and Proceeds thereof to ARKK under the Motion shall not result in ARKK, its affiliates, members, or shareholders, or the assets, (i) having any liability or responsibility for any claim against the Debtor, (ii) having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any encumbrance, or (iii) having any liability or responsibility to the Estate, except as is expressly set forth in the Motion, including, but not limited to, liabilities on account of any taxes or other government fees, contributions or surcharges arising, accruing or payable under, out of, in connection with, or in any way relating to the prosecution of the Pitman

Causes of Action prior to the date of this Order, or (iv) having any liability or responsibility of the Debtor arising under or related to any of the Pitman Causes of Action, including, but not limited to, any claims against the Debtor, or any of its predecessors or affiliates, of any kind or character arising originally against the Debtor, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including, but not limited to, liabilities on account of warranties, environmental liabilities, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Pitman Causes of Action or Proceeds thereof prior to the date of the Order.

14. **Binding Effect of Order**. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Pitman Causes of Action or Proceeds thereof. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the Interests of record.

15. **Binding on Successors**. The terms and provisions of the Motion and this Order shall be binding in all respects upon the Debtor, its estate, all creditors of (whether known or

unknown) and holders of equity or membership interests in the Debtor, ARKK, and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, and all persons asserting Interests in the Pitman Causes of Action and Proceeds thereof. This Order and the Motion shall inure to the benefit of ARKK and its respective successors and assigns.

16. **Bankruptcy Code §363(n)**. The consideration provided by ARKK for the Pitman Causes of Action is fair and reasonable. Based on the disclosures made to the Court in the Motion and at the Hearing, the Trustee is not aware of any facts that would support an argument for avoidance of the Transactions.

17. **Good Faith**. The Transactions contemplated by the Motion are undertaken by ARKK without collusion and in good faith, as that term is used in Bankruptcy Code §363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transactions shall not affect the validity of the Transactions with ARKK, unless such authorization is duly stayed with an appropriate bond posted pending such appeal. ARKK is a good faith purchaser of the Pitman Causes of Action and Proceeds thereof, and is entitled to all of the benefits and protections afforded by Bankruptcy Code §363(m).

18. **Fair Consideration**. The consideration provided by ARKK to the Debtor pursuant to the Motion for its purchase of the Pitman Causes of Action and Proceeds thereof constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

19. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Motion, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a) interpret, implement and enforce the provisions of this

Order and the Motion; (b) to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Transactions; and (c) protect ARKK against any Interests in the Debtor or the Pitman Causes of Action or Proceeds thereof of any kind or nature whatsoever attaching to the proceeds of the Transactions. This Court shall retain exclusive jurisdiction with respect to issues or disputes in connection with this Order and the relief provided herein, including without limitation to protect the Trustee and ARKK from interference with the Sale, and to resolve any disputes related to the Sale, the Motion, or the implementation thereof.

20. **Estate Proceeds**. Notwithstanding any other provision in this Order, the Estate shall be entitled to 15% of the Net Proceeds obtained by ARKK in connection with its prosecution of the Pitman Causes of Action.

21. **No Stay of Order**. This Order is a final order within the meaning of 28 U.S.C § 158(a). Pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed and shall be and is immediately effective. Time is of the essence in effectuation of the Transactions and complying with the respective obligations of the Agreement. Any party objecting to the Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot. If any further stay is desired, any requests for a stay and any controversy over the extent of a bond that is necessary to protect the estate from delay in the sale shall be made to the appropriate tribunal.

AND, IT IS SO ORDERED.

DATED AND ENTERED

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Thad J. Collins
Chief Bankruptcy Judge

Order prepared by:
Larry S. Eide, Chapter 7 Trustee